**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MAZEN ARAKJI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICROCHIP TECHNOLOGY, INC.,,<br><br>　　　　Defendant. | Case No. 19-cv-02936-BLF<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>[Re: ECF 8] |

*Pro se* Plaintiff, Mazen Arakji, claims that Microsemi Corporation ("Microsemi"), subsequently acquired by Defendant, Microchip Technology, Inc. ("Microchip"), engaged in unlawful discrimination by declining to hire him and harassed him based on his race, religion, and disability. Before the Court is Plaintiff's Motion to Remand Back to the Superior Court of California, County of Santa Clara for Lack of Jurisdiction. Motion, ECF 8. Pursuant to Civil Local Rule 7-1(b), the Court concludes that this motion is appropriate for disposition without oral argument. Accordingly, the hearing set on November 14, 2019 is hereby VACATED. The motion is DENIED for the reasons discussed below.

## I.　PLAINTIFF'S ALLEGATIONS

Plaintiff is a 38-year-old male, who for "[M]uslim religious purposes," wears a long beard. Compl. ¶ 1, ECF 1-1. Plaintiff also has a "very obvious musculoskeletal disability which limits [his] ability to grip and lift heavy objects." *Id.* Plaintiff's "national origin is Lebanese, which is an Arab country in the Middle East" and has "Arabic ancestry and ethnic characteristics." *Id.* Plaintiff's first name "Mazen" is "known to be an Arabic name" and his surname "Arakji" is "known to be a [M]uslim surname." *Id.* Plaintiff has advanced degrees in electrical and computer engineering, along with various certifications and professional achievements in those

1  fields. *Id.* ¶¶ 2-5.

2  Plaintiff alleges that he "applied for several Firmware Engineer positions at Microsemi
3  between January and April of 2017." *Id.* ¶ 20. On May 1, 2017, Plaintiff was telephonically
4  interviewed by a "hiring manager" at Microsemi and had a "positive experience." *Id.* ¶ 23. On
5  May 10, 2017, Plaintiff had an on-site interview at Microsemi in Sunnyvale, California, which
6  despite several hours of delay, was "another positive experience." *Id.* ¶¶ 23-25. Plaintiff "was
7  contacted several days afterwards and was informed that the interview had been voided by HR."
8  *Id.* ¶ 25. Plaintiff was promised another interview, which was later cancelled. *Id.* ¶ 26. Plaintiff
9  applied for "other positions at Microsemi," but received responses that the positions he applied for
10 were cancelled. *Id.* ¶ 27.

11  Based on these facts, Plaintiff alleges that Microchip "intentionally" denied him an
12 "opportunity for employment," despite his qualifications. *Id.* ¶ 28. Plaintiff alleges that
13 Microsemi/Microchip discriminated and harassed him because "Defendant is revolted by people
14 of [Plaintiff's] religion, national origin, ancestry, ethnic characteristics and disability, and
15 especially those with a combination of all of the above." *Id.* ¶¶ 28-30.

16  On February 28, 2019, Plaintiff, filed suit against Microchip in the Superior Court of
17 California for the County of Santa Clara. Plaintiff brought two state law claims based on
18 violations of California Fair Employment and Housing Act ("FEHA"): (1) "violation of Cal Gov
19 Code 12940: Denial of employment due to religious creed, national origin, ancestry, and
20 disability" and (2) "violation of Cal Gov Code 12940: Harassment in employment due to religious
21 creed, national origin, ancestry, and disability." *See* Compl. at p. 7. In his Complaint, without
22 specifying an amount, Plaintiff sought (1) monetary damages, (2) punitive damages, and (3)
23 declaratory or injunctive relief. *Id.* at p. 5.

24 **II.   REMOVAL**

25  Plaintiff served Microchip with the Complaint on April 25, 2019. Notice of Removal at 2;
26 *see also* Compl. at p. 4. On May 28, 2019, Microchip timely removed the case to United States
27 District Court for the Northern District of California based on diversity of citizenship. Notice of
28 Removal at 1; *see* 28 U.S.C. §§ 1441, 1332. Plaintiff is a citizen of California and Microchip is a

1  citizen of Delaware and Arizona because it is incorporated in Delaware and its principal place of
2  business is in Chandler, Arizona. Notice of Removal at 3-4. Microchip acknowledged that the
3  Complaint "does not allege a damages amount or a monetary value for the injunctive relief he
4  requests." *Id.* at 4. Nonetheless, Microchip claimed that the amount in controversy exceeds
5  $75,000 because Plaintiffs' FEHA allegations, if proven, would allow him to seek unlimited
6  compensatory and punitive damages, attorneys' fees, costs, injunctive relief, and emotional
7  distress damages. *Id.* at 5. The average yearly salary of a firmware engineer at Microchip's Bay
8  Area facilities (where Plaintiff alleges he applied) is $85,000. *Id.* The compensatory damages
9  alone—from early 2017, when Plaintiff allegedly was wrongfully denied the position he applied
10 for, to date—for lost wages would exceed $170,000, far greater than the $75,000 jurisdictional
11 minimum. *Id.*

Microchip concluded that although Plaintiff's Complaint "fail[ed] to list all the remedies available under FEHA, and fail[ed] to specify a damages amount or a monetary value for his requested injunctive relief," based on the allegations in the Complaint and the average salary for the position Plaintiff was seeking, the amount in controversy plausibly exceeds $75,000. *Id.* at 6.

### III. LEGAL STANDARD

Federal courts have limited subject matter jurisdiction, and may only hear cases falling within their jurisdiction. Generally, a defendant may remove a civil action filed in state court if the action could have been filed originally in federal court. 28 U.S.C. § 1441. The removal statutes are construed restrictively so as to limit removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). The Ninth Circuit recognizes a "strong presumption against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted). Any doubts as to removability should be resolved in favor of remand. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The defendant bears the burden of showing that removal is proper. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

If at any time before final judgment it appears that a district court lacks subject matter jurisdiction over a case that has been removed to federal court, the case must be remanded. 28

U.S.C. § 1447(c). Federal courts have diversity jurisdiction only where there is complete diversity of citizenship—no plaintiff is a citizen of the same state as any defendant—and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1); *see Matao Yokeno v. Sawako Sekiguchi*, 754 F.3d 649, 652 (9th Cir. 2014). Where a defendant removes an action to federal court on the basis of diversity, the burden on a plaintiff seeking remand under § 1447(c) depends on whether or not the amount in controversy is clear from the face of the complaint. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 135 S. Ct. 547, 551, 190 L. Ed. 2d 495 (2014).

**IV. DISCUSSION**

Before the Court is Plaintiff's Motion to Remand Back to the Superior Court of California, County of Santa Clara for Lack of Jurisdiction. Motion, ECF 8. In his motion, Plaintiff asserts that this Court "does not have jurisdiction to hear this matter" because his Complaint contains only state law claims. Motion ¶ 2. Plaintiff does not challenge that complete diversity of citizenship exists among the parties. Plaintiff's sole argument is that removal on the basis of diversity was improper because "the inconvenience damages sought are under $75,000" and "[o]nly inconvenience damages are sought." *Id.* For support, Plaintiff attaches a California CIV-050 form ("Statement of Damages")[1], in which he seeks "pain, suffering, and inconvenience" damages for $74,000 and injunctive relief in the form of an "offer for employment in the same position interviewed for." ECF 8-1.

Microchip opposes the motion. Opp'n, ECF 13. Microchip takes issue with Plaintiff's post-removal Statement of Damages as "simply a bad faith litigation tactic to avoid federal jurisdiction." *Id.* at 2. That said, Microchip argues that removal is proper even under Plaintiff's

---

[1] CIV-050 form's use is limited to personal injury and wrongful death cases. Due to the *pro se* status of the Plaintiff, however, the Court accepts that Plaintiff now seeks the remedies indicated on the form.

4

new theory, because the requested "inconvenience damages" of $74,000 must be aggregated with the value of the injunction for employment at Microchip. *Id.* According to Microchip, the value of employment as a firmware engineer "certainly exceeds the $1,001 differential between the 'inconvenience damages' asserted in the Statement of Damages and the jurisdictional minimum." *Id.* at 4.

Plaintiff replies to reiterate that he is seeking (1) $74,000 in inconvenience damages and (b) injunctive relief "in forcing the defendant to make an employment offer." Reply ¶ 2, ECF 15. Specifically, Plaintiff asserts that even if entitled, he is not seeking "loss of earning" because he "intended to file this action" shortly after the events alleged in his Complaint, but "other matters prevented him from doing so" and therefore, he "did not feel it fair to demand 'loss of earnings.'" *Id.* ¶ 3. As for the injunctive relief he seeks, Plaintiff asserts that he "demand[s] that an employment offer be made," but does not specify a salary. *Id.* ¶ 4. In Plaintiff's view, Microchip "is free to make any offer that is greater than or equal to the legal minimum salary," which Plaintiff may accept or reject. *Id.*

A defendant seeking removal must file in the district court a notice of removal "containing a short and plain statement of the grounds for removal...." 28 U.S.C. § 1446(a). The Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89. Microchip plausibly alleged that, if proven, Plaintiff's claim for lost wages would exceed 75,000 based on the average salary Microchip pays its employees in positions similar to what Plaintiff allegedly applied for and did not get. Notice of Removal at 5.

Yet, when a defendant's assertion of the amount in controversy is challenged by a plaintiff in a motion to remand, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied. *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015). In such cases, both parties may submit proof of the amount in controversy through "summary-judgment-type evidence" including "affidavits and declarations," and the defendant seeking removal bears the burden of showing by a preponderance of the evidence that the amount-in-controversy requirement has been satisfied.

5

*Id.* Here, Plaintiff has challenged Microchip's assertion that he seeks more than $75,000—yet, neither party has submitted proof of the amount in controversy. Plaintiff has submitted a Statement of Damages, in which he, for the first time, specifies the monetary damages he seeks: "pain, suffering, and inconvenience" damages for $74,000. ECF 8-1. Plaintiff also seeks injunctive relief in the form of an "offer for employment in the same position interviewed for." *Id.*

The Court notes two preliminary issues with Plaintiff's Statement of Damages: (1) the amount in controversy includes all relief claimed ***at the time of removal*** to which Plaintiff would be entitled if he prevails and (2) Plaintiff provides no basis for his $74,000 figure. The Ninth Circuit has explained "when the amount in controversy is satisfied at removal, any subsequent amendment to the complaint or partial dismissal that decreases the amount in controversy below the jurisdictional threshold does not oust the federal court of jurisdiction." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). Here, Plaintiff has, post-removal, disclaimed punitive damages and lost wages from his Complaint and now seeks a curious and unsupported sum of $74,000 in monetary damages. ECF 8-1.

However, the Court need not decide whether Plaintiff's post-removal submission of Statement of Damages was a bad faith attempt to defeat removal—because Plaintiff's Statement of Damages, accepted at face value, establishes that the amount in controversy exceeds $ 75,000. Plaintiff seeks "pain, suffering, and inconvenience" for $74,000 and injunctive relief in the form of an "offer for employment in the same position interviewed for." ECF 8-1. As for the injunctive relief, Plaintiff seeks an offer "greater than or equal to the legal minimum salary." Reply ¶ 13.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (internal citation omitted); *see also Gen. Motors Corp. v. Manly Oldsmobile-GMC, Inc.*, No. C-07-0233 JCS, 2007 WL 776261, at *2 (N.D. Cal. Mar. 12, 2007) ("Where the relief sought is equitable, the amount in controversy requirement may be met where the value of the injunction to the plaintiff meets or exceeds the statutory minimum."). Microchip asserts, without submitting an affidavit or declaration, that average yearly salary for a firmware

engineer at its Bay Area facilities is $85,000. Opp'n at 3. Although a reasonable assertion, the Court declines to accept this attorney argument as evidence and thus, only considers Plaintiff's Statement of Damages for its analysis.

Viewed in the light most favorable to Plaintiff, the injunctive relief he seeks, at a minimum, carries a $12-per-hour salary. *See* Cal. Lab. Code § 1182.12 (establishing the 2019 California minimum wage at $12 per hour). In less than a month, the value of employment at Microchip, even at minimum wage, will exceed the $1,000.01 differential between the "inconvenience damages" asserted in Plaintiff's Statement of Damages and the jurisdictional minimum. The Court is satisfied that it is shown, by a preponderance of evidence, that the amount in controversy exceeds $75,000.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's motion for remand is DENIED.

**IT IS SO ORDERED.**

Dated: October 21, 2019

_____
BETH LABSON FREEMAN
United States District Judge