# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| MAZEN ARAKJI,<br>    Plaintiff,<br>v.<br>MICROCHIP TECHNOLOGY, INC.,<br>    Defendant. | Case No. 19-cv-02936-BLF<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>[Re: ECF 18] |

Before the Court is *pro se* Plaintiff, Mazen Arakji's Objections to the Court's Order on Motion to Remand. ECF 18. The Court construes Plaintiff's submission as a motion requesting leave to file a motion for reconsideration of the Court's Order Denying Remand pursuant to Civil Local Rule 7-9. MFL, ECF 18. For the reasons stated below, the Court DENIES Plaintiff's motion.

**I.  BACKGROUND**

Plaintiff brought this action against Defendant, Microchip Technology, Inc., alleging violations of California Fair Employment and Housing Act, in the Superior Court of California for the County of Santa Clara. ECF 1-1. Defendant removed the case to United States District Court for the Northern District of California based on diversity of citizenship. ECF 1 at 1; *see* 28 U.S.C. §§ 1441, 1332. Plaintiff moved to remand the case back to the Superior Court of California. ECF 8. The Court denied Plaintiff's motion to remand. Order, ECF 16. Plaintiff did not dispute that diversity of citizenship exists among the parties and therefore, the only issue was the amount in controversy. *Id.* at 4. The Court concluded that the value of Plaintiff's requested "pain, suffering, and inconvenience" damages ($74,000) in combination with the injunctive relief he seeks in the form of an "offer for employment in the same position interviewed for" exceeded the jurisdictional minimum. *Id.* 6-7. The present motion followed.

## II. LEGAL STANDARD

Trial courts have the inherent power to reconsider, set aside, or amend interlocutory orders at any time prior to entry of a final judgment. *Meas v. City & Cty. of San Francisco*, 681 F. Supp. 2d 1128, 1143 (N.D. Cal. 2010) (citing *Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 105 (9th Cir. 1958)). "In this judicial district, Civil Local Rule 7–9 provides a procedure whereby a litigant dissatisfied with an interlocutory ruling may seek leave to file a motion for reconsideration in this court." *Microsoft Corp. v. FIFAVIP Co.*, No. 17-CV-02887-LHK, 2017 WL 4517060, at *3 (N.D. Cal. Oct. 10, 2017) (citation omitted).

Civil Local Rule 7-9 specifies the requirements for such a motion. The moving party must show "reasonable diligence in bringing the motion" as well as one of the following:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). Motions for reconsideration are generally disfavored and are not the place for parties to make new arguments not raised in their original briefs. *Whalen v. Ford Motor Co.*, No. 13-CV-03072-EMC, 2018 WL 6069812, at *1 (N.D. Cal. Nov. 20, 2018). "Nor is reconsideration to be used to ask the Court to rethink what it has already thought." *Garcia v. City of Napa*, No. C-13-03886 EDL, 2014 WL 342085, at *1 (N.D. Cal. Jan. 28, 2014) (citing *United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998)).

## III. DISCUSSION

Plaintiff disagrees with the Court's Order for three reasons (1) the Court mischaracterized one of the factual allegations in his Complaint (MFL ¶ 2), (2) Plaintiff's modification of the relief

he seeks (in the form of Statement of Damages) was not post-removal (*id.* ¶ 3)[1], and (3) the Court's valuation of the injunctive relief he seeks is incorrect because he seeks an "employment offer" and not actual employment "for some period of time" (*id.* ¶ 5).

Plaintiff has failed to make the required showing under Local Rule 7–9(b) to obtain reconsideration. He has not pointed to a "material difference in fact or law" that exists from that which was presented to the Court before entry of the Court's Order. He has not pointed to "the emergence of new material facts or a change of law occurring after the time of" the Court's Order, nor has he shown a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court" before the Court's Order.

Instead, Plaintiff's motion is essentially an unallowable attempt to re-litigate his motion for remand. First, Plaintiff's "disagreement" with the Court's characterization of his on-site interview with Defendant has no bearing on the value of his claims for the purpose of diversity jurisdiction. Second, the Court specifically explained that it ***did not*** decide Plaintiff's motion for remand based on the post-removal status of his Statement of Damages. Order at 6. Third, Plaintiff's distinction between an injunction for "an offer for employment" and "employment" appears to be a baseless attempt to manipulate jurisdiction – it is absurd to accept that Plaintiff is seeking to "force the defendant to make an employment offer," just so that he can reject it. MFL ¶ 5 ("…, should I choose to accept an employment offer, …"). Similarly, if Defendant is "force[d] … to make an employment offer" as a result of losing this discrimination lawsuit, it would be absurd to suggest that it would terminate Plaintiff "in the following instant" of his acceptance. *Id.*

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration is DENIED.

**IT IS SO ORDERED.**

Dated: October 31, 2019

_____
BETH LABSON FREEMAN
United States District Judge

---

[1] Plaintiff also makes an "observation" to question Ninth Circuit's interpretation of case law and removal statute 28 U.S.C. § 1447. MFL ¶ 3.