UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAZEN ARAKJI,<br><br>    Plaintiff,<br><br>v.<br><br>MICROCHIP TECHNOLOGY, INC.,<br><br>    Defendant. | Case No. 19-cv-02936-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Re: ECF 9] |

*Pro se* Plaintiff, Mazen Arakji, claims that Microsemi Corporation ("Microsemi"), subsequently acquired by Defendant, Microchip Technology, Inc. ("Microchip"), engaged in unlawful discrimination by declining to hire him and harassed him based on his race, religion, and disability. Before the Court is Microchip's unopposed motion to dismiss. MTD, ECF 9. For the reasons stated below, the Court GRANTS Defendant's motion WITH LEAVE TO AMEND.

**I.    BACKGROUND**

    **A.    Plaintiff's Allegations**

Plaintiff is a 38-year-old male, who for "[M]uslim religious purposes," wears a long beard. Compl. ¶ 1, ECF 1-1. Plaintiff also has a "very obvious musculoskeletal disability which limits [his] ability to grip and lift heavy objects." *Id.* Plaintiff's "national origin is Lebanese, which is an Arab country in the Middle East" and has "Arabic ancestry and ethnic characteristics." *Id.* Plaintiff's first name "Mazen" is "known to be an Arabic name" and his surname "Arakji" is "known to be a [M]uslim surname." *Id.*

Plaintiff holds two degree from the University of Colorado, Boulder: (1) "Bachelors Electrical and Computer Engineering" and (2) "Masters Computer Engineering." *Id.* ¶ 2. Plaintiff has earned various certifications in his field. *Id.* ¶¶ 3-4. Plaintiff worked at Sun Microsystems (now

Oracle), where he was promoted within 6 months and was accepted into the "selective Sun Engineering Enrichment & Development (SEED) program" on the technical tract—designed for individuals with a high potential to excel. *Id.* ¶ 5. He received a letter from a previous employer commending his performance and contributions. *Id.* Recently, Plaintiff has developed three Android and two iOS applications. *Id.* Plaintiff has also developed a "novel RTOS architecture" for which he has a patent pending. *Id.*

Plaintiff applied for "over 1000 positions" between 2012 and 2014 but was unable to secure employment. *Id.* ¶ 7. In April 2014, Plaintiff was arrested and subsequently harassed and intimidated by the police in Colorado. *Id.* ¶¶ 8-9. He was again arrested "without probable cause" and mistreated in Colorado in August 2014. *Id.* ¶¶ 10-11. He filed a civil suit in April 2015. *Id.* ¶ 12.

In November 2015[1], Plaintiff traveled overseas to pursue employment opportunities. *Id.* ¶ 13. Plaintiff was unable to return to the United States because his tax refund was not transferred to his account. *Id.* ¶ 15. Plaintiff was unable to secure employment overseas, but while there, he created and released the Android and iOS applications mentioned earlier. *Id.* ¶ 16. While in Egypt, Plaintiff was twice apprehended and jailed. *Id.* ¶ 17. One of those arrests took place shortly after a successful interview with Telepin for an Android developer position. *Id.* Plaintiff was interrogated and mistreated while in Egyptian prison. *Id.* ¶ 18. In November 2016, Plaintiff returned to San Jose, California, homeless and without any belongings or money. *Id.* ¶ 19. He is "deeply traumatized by all the experiences [he] ha[s] been through." *Id.*

Plaintiff "applied for several Firmware Engineer positions at Microsemi between January and April of 2017." *Id.* ¶ 20. On May 1, 2017, Plaintiff was telephonically interviewed by Srinivas Yelisetti (a hiring manager at Microsemi) and had a "positive experience." *Id.* ¶ 23. Plaintiff was then contacted by Donna Vespe (a Senior Talent Acquisition Partner) and was offered an invitation for an on-site interview on May 10, 2017, in Sunnyvale, California. *Id.* Upon arrival, Plaintiff was

---

[1] The Complaint states "in November of *2016*, I travelled overseas to pursue employment opportunities." Compl. ¶ 13. Based on the remainder of Plaintiff's allegations, the Court assumes that this was a typographical error.

2

told that his interview was cancelled. *Id.* ¶ 24. Nevertheless, he waited for several hours and proceeded with the interview, which was "another positive experience." *Id.* ¶¶ 24-25. Several days later, Plaintiff was contacted and was informed that "the interview had been voided by HR." *Id.* ¶ 25. On January 5, 2018, Plaintiff was contacted by Donna Vespe for another interview, which she cancelled two days prior to the interview. *Id.* ¶ 26. Plaintiff has since applied for "other positions at Microsemi," but received responses that the positions he applied for were cancelled. *Id.* ¶ 27.

Plaintiff alleges that Microchip "intentionally wanted to deny [him] an opportunity for employment despite the fact that [he is] qualified." *Id.* ¶ 28. According to Plaintiff, "Defendant discriminated because the Defendant is revolted by people of [his] religion, national origin, ancestry, ethnic characteristics and disability, and especially those with a combination of all of the above." *Id.* Plaintiff claims that Microchip violated Cal. Gov't Code § 12940 by (1) denying him employment and (2) harassing him, due to his religious creed, national origin, ancestry, and disability. *Id.* ¶¶ 29-30. Plaintiff claims that he obtained right-to-sue notices on both claims from the Department of Fair Employment and Housing ("DFEH") on March 3, 2018. *Id.*

On February 28, 2019, Plaintiff, filed suit against Microchip in the Superior Court of California for the County of Santa Clara. *See* Compl. On May 28, 2019, Microchip removed the case to United States District Court for the Northern District of California based on diversity of citizenship. ECF 1. Plaintiff filed a motion to remand, which the Court denied. ECF 16.

**B.  Defendant's Motion to Dismiss**

Defendant concedes that Plaintiff has adequately pled that he falls within a number of protected classes but argue that his "Complaint fails to allege *any* facts suggesting that Defendant refused to hire him *because* he is a member of those protected classes." MTD at 2. Defendant moves to dismiss based on the following grounds: (1) the Complaint lacks facts necessary to sufficiently allege a FEHA claim for discrimination (*e.g.*, that he was qualified for the position(s) for which he applied, that Defendant either filled the position with someone who was less qualified and not within his protected classes, or continued searching for applicants of comparable qualifications), (2) the Complaint lacks facts necessary to sufficiently allege a FEHA claim for harassment (*e.g.*, that he experienced unwelcome conduct or comments, based on one or more of

3

1  his protected classes), and (3) Plaintiff fails to plead facts showing he exhausted his administrative
2  remedies. *Id.* at 6-9.

3   Defendant acknowledges that Plaintiff has alleged that he obtained DFEH right-to-sue notices on March 3, 2018. *Id.* at 8; *see also* Compl. ¶¶ 29-30. Nevertheless, Defendant argues that Plaintiff has failed to include facts to support those allegations (*e.g.*, when he filed a complaint with the DFEH or what protected classification he asserted as basis of his DFEH complaint). MTD at 8. Defendant claims that DFEH has no record of Plaintiff ever filing a discrimination charge against either Microchip or Microsemi. *Id.* at 9.

Plaintiff has not opposed the motion.

## II. LEGAL STANDARD

### A. Motion to Dismiss

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

### B. FEHA-Based Discrimination Claim

To establish a prima facie case, the plaintiff must show: "(1) he was a member of a protected

4

class, (2) he was qualified for the position he sought or was performing competently in the position he held, (3) he suffered an adverse employment action, such as termination, demotion, or denial of an available job, and (4) some other circumstance suggests discriminatory motive." *Zeinali v. Raytheon Co.*, 636 F.3d 544, 552 (9th Cir. 2011) (citation omitted). "While the plaintiff's prima facie burden is 'not onerous,' he must at least show 'actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were 'based on a [prohibited] discriminatory criterion.'" *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 355 (2000) (alteration in original) (internal citations and quotation marks omitted).

Defendant argues that while Plaintiff has sufficiently pled that he is a member of several protected classes, he has failed to allege facts showing that (1) "he was qualified for the position(s) for which he applied," and (2) "Defendant either filled the position with someone who was less qualified than Plaintiff and not within his protected classes, or continued searching for applicants of comparable qualifications." MTD at 6. The Court agrees.

Plaintiff has properly alleged that (1) he is a member of several protected classed and (2) he suffered an adverse employment action (*i.e.*, he was denied a job). Compl. ¶¶ 1; 20-27. That said, Plaintiff fails to allege facts establishing at least two elements of a FEHA discrimination claim. First, the Complaint lacks any factual allegations to establish that Plaintiff was qualified for the positions he applied for. Plaintiff lists his technical credentials but fails to identify the requirements for those Microchip/Microsemi "Firmware Engineer" positions he applied for. *See* Compl. ¶¶ 2-5. Second, Plaintiff's allegations are devoid of any *facts* from which one can infer that Microchip/Microsemi did not hire him because he was a member of a protected class. Based on his Complaint, Plaintiff's interactions with the Defendant were "positive." *Id.* ¶¶ 23; 25. Plaintiff's conclusory statement that defendant denied him an employment opportunity because it is "revolted by people" like him is not sufficient. *See id.* ¶ 28; *see also Iqbal*, 556 U.S. at 681. (finding similar conclusory statements were "not entitled to be assumed true").

Accordingly, the Court concludes that the Complaint fails to state a FEHA discrimination claim upon which relief may be granted.

## C. FEHA-Based Harassment Claim

Similarly, Plaintiff has not properly pled a harassment claim. The elements for such a claim under FEHA are: "(1) the claimant belonged to a protected group; (2) the claimant was subjected to unwelcome harassment because of being a member of that group; and (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment." *Landucci v. State Farm Ins. Co.*, 65 F. Supp. 3d 694, 703 (N.D. Cal. 2014). To fulfill the "severe or pervasive" prong, a plaintiff must show a "concerted pattern of harassment of a repeated, routine, or generalized nature." *Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121, 131 (1999). Isolated incidents can also fulfill the "severe or pervasive" prong, but only if such isolated incidents consist of "a physical assault or the threat thereof." *Hughes v. Pair*, 46 Cal. 4th 1035, 1049 (2009). Further, FEHA "forbids only behavior so objectively offensive as to ... create a hostile or abusive work environment." *Landucci*, 65 F. Supp. 3d at 704.

Defendant notes that "[i]t is not clear what, if anything, Plaintiff believes Defendant did or said that was offensive or unwelcome." MTD at 8. Again, the Court agrees. Other than two "positive" experiences, there are no facts even suggesting that Plaintiff was subjected to any unwanted behavior by Microchip/Microsemi—let alone severe or pervasive harassment. *See* Compl. ¶¶ 23; 25. Accordingly, the Court concludes that the Complaint fails to state a FEHA harassment claim upon which relief may be granted.

## D. Exhaustion of Administrative Rights

A party bringing a claim under FEHA must first exhaust the relevant administrative remedy: this requires the claimant to file an administrative complaint with the DFEH, and thereafter receive a right-to-sue letter prior to filing a civil action. *Cole v. Antelope Valley Union High Sch. Dist.*, 47 Cal. App. 4th 1505, 1515 (1996). The administrative complaint must be filed within one year of the date on which the alleged unlawful act or practice occurred. Cal. Gov't Code § 12960(d). Failure to exhaust administrative remedies under FEHA is "a jurisdictional, not a procedural, defect." *Okoli v. Lockheed Tech. Operations Co.*, 36 Cal. App. 4th 1607, 1613 (1995); *see also Kim v. Konad USA Distrib., Inc.*, 226 Cal. App. 4th 1336, 1345 (2014). As such, the scope of the written DFEH charge defines the permissible scope of the subsequent civil complaint. *Yurick v. Superior Court*, 209 Cal.

1 | App. 3d 1116, 1121-23 (Ct. App. 1989).

      Plaintiff has alleged that he obtained right-to-sue notices on March 3, 2018 from DFEH. MTD at 8; *see also* Compl. ¶¶ 29-30. Generally, all well-pled factual allegations are accepted as true and construed in the light most favorable to the plaintiff. *Reese*, 643 F.3d at 690. In this case, however, Defendant claims that DFEH has no record of Plaintiff ever filing a discrimination charge against either Microchip or Microsemi. MTD at 9. Defendant is not asking the Court—and the Court will not—take judicial notice of Defendant's correspondence with DFEH. *See id.* n. 3. However, the Court finds reasonable Defendant's request for Plaintiff to attach his right-to-sue notices to his amended complaint—particularly, in light of the fact that the exhaustion of administrative remedies is a dispositive issue and Plaintiff has failed to oppose Defendant's Motion to Dismiss and respond to Defendant's assertion that no record of his DFEH charge has been located.

## IV. CONCLUSION

      For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motion to dismiss is GRANTED WITH LEAVE TO AMEND. Plaintiff may amend his Complaint to cure the deficiencies noted in this order **on or before December 16, 2019**. Plaintiff is further ORDERED to attach his DFEH right-to-sue notices to his amended complaint. Failure to meet the deadline to file an amended complaint or failure to cure the deficiencies identified in this order will result in a dismissal of Plaintiff's claims with prejudice.

**IT IS SO ORDERED.**

Dated: November 1, 2019

_____
BETH LABSON FREEMAN
United States District Judge