UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAZEN ARAKJI,<br><br>   Plaintiff,<br><br> v.<br><br>MICROCHIP TECHNOLOGY,<br><br>   Defendants. | Case No. 19-cv-02936<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>[Re: ECF 23] |

Before the Court is Defendant Microchip Technology's motion to dismiss Plaintiff Mazen Arakji's first amended complaint ("FAC") alleging unlawful discrimination and harassment under the Fair Employment and Housing Act, Cal. Gov't Code Section 12940 ("FEHA"). Mot., ECF 23. Pursuant to Civil L.R. 7-1(b), the Court finds Defendant's motion to dismiss suitable for decision without oral argument and hereby VACATES the hearing scheduled for April 16, 2020. For the reasons that follow, Defendant's motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND.

### I. BACKGROUND

Plaintiff is a 38-year-old male, who for "[M]uslim religious purposes," wears a long beard. FAC ¶ 1, ECF 22. Plaintiff also has a "very obvious musculoskeletal disability which limits [his] ability to grip and lift heavy objects." *Id.* Plaintiff's "national origin is Lebanese, which is an Arab country in the Middle East" and has "Arabic ancestry and ethnic characteristics." *Id.* Plaintiff's first name "Mazen" is "known to be an Arabic name" and his surname "Arakji" is "known to be a [M]uslim surname." *Id.*

Plaintiff holds two degrees from the University of Colorado, Boulder: (1) Bachelors Electrical and Computer Engineering and (2) Masters Computer Engineering. FAC ¶ 2. Plaintiff

has earned various certifications in his field. *Id.* ¶ 3-4. Plaintiff worked at Sun Microsystems (now Oracle), where he was promoted within 6 months and was accepted into the "selective Sun Engineering Enrichment & Development (SEED) program" on the technical tract—designed for individuals with a high potential to excel. *Id.* ¶ 5. He received a letter from a previous employer commending his performance and contributions. *Id.* Recently, Plaintiff developed three Android and two iOS applications. *Id.* Plaintiff also developed a "novel RTOS architecture for which he has a patent pending." *Id.*

Plaintiff applied for "several Firmware Engineer positions at Microsemi (later acquired by Defendant Microchip Technology) between January and April of 2017." FAC ¶¶ 20, 21. On April 14, 2017, Plaintiff applied for the "Senior Firmware Design Engineer Position (requisition number 5244) . . . on the Microsemi careers website." *Id.* ¶ 23. The requirements for the position as stated in the online job posting on the Microsemi website are as follows:

- Bachelors with 5 years of experience or Master with 3 years' experience.
- Strong C-programming skills and product development experience.
- Strong background in Software methodology and full-cycle development (design, implementation, testing, and debugging).
- Must possess the ability to approach problems systematically.
- Must be able to interpret specification and standard documents well.
- Excellent written and oral communication skills.

*Id.* ¶ 24. Plaintiff claims that he not only meets and exceeds the requirements but that he has focused on "embedded systems and firmware" throughout both his academic and professional careers. *Id.* ¶¶ 25, 33.

On May 1, 2017, Plaintiff was telephonically interviewed by Srinivas Yelisetti (a hiring manager at Microsemi) and had a "positive experience." FAC ¶ 26. Plaintiff was then contacted by Donna Vespe (a Senior Talent Acquisition Partner) and was offered an invitation for an on-site interview on May 10, 2017, in Sunnyvale, California. *Id.* Upon arrival, Plaintiff was told that his interview was cancelled. *Id.* ¶ 27. Nevertheless, he waited for several hours and proceeded with the interview, which was "another positive experience." *Id.* ¶¶ 27-28. Plaintiff claims that he is

"clearly qualified" for the position because "his interview experiences were positive." *Id.* ¶ 33. Several days later, Plaintiff was contacted and was informed that "the interview had been voided by HR." *Id.* ¶ 28. On January 5, 2018, Plaintiff was contacted by Donna Vespe for another interview, which she then cancelled two days prior to the interview. *Id.* ¶ 29. Plaintiff has since applied for "other positions at Microsemi," but has received responses that the positions he applied for were cancelled. *Id.* ¶ 30. Later in 2018, "Microsemi was acquired by Microchip Technology." *Id.* ¶ 21.

Plaintiff alleges the "repetitive intentional cancelling of scheduled appointments and positions constitutes a form of harassment and uncivilized ridicule." FAC ¶ 31. Plaintiff claims that "the set of possible reasons the Defendant has for denying [him] employment is limited" to the information that he provided through the online job application and what Defendant learned about Plaintiff by meeting with him in person during the onsite interview, including: Plaintiff's first name (and thus his Arab ancestry by deduction), Plaintiff's last name (and thus his religion by deduction), Plaintiff's long beard (and thus his religiousness by deduction), Plaintiff's disability, and Plaintiff's qualifications. *Id.* ¶ 32.

Based on these experiences, Plaintiff claims that Defendant violated Cal. Gov't Code Section 12940 by (1) denying him employment and (2) harassing him, due to his religious creed, national origin, ancestry, and disability. FAC ¶¶ 36-37. Plaintiff claims that he obtained right-to-sue notices on both claims from the Department of Fair Employment and Housing ("DFEH") on March 3, 2018. *Id.* Plaintiff alleges that Microchip "intentionally wanted to deny [him] an opportunity for employment despite the fact that [he is] qualified." *Id.* ¶ 35. According to Plaintiff, "Defendant discriminated because the Defendant is revolted by people of [his] religion, national origin, ancestry, ethnic characteristics and disability, and especially those with a combination of all of the above." *Id.*

On February 28, 2019, Plaintiff filed suit against Microchip in the Superior Court of California for the County of Santa Clara. *See* Compl., ECF 1-1. On May 28, 2019, Microchip removed this case on the basis of diversity of citizenship. ECF 1. On June 4, 2019, Defendant filed a motion to dismiss Plaintiff's Complaint. ECF 9. On November 1, 2019, the Court granted Defendant's motion to dismiss the Complaint with leave to amend. ECF 21. The Court granted

Defendant's motion to dismiss with respect to the discrimination claim because the Complaint (1) lacked any factual allegations to establish that Plaintiff was qualified for the positions he applied for, and (2) was devoid of any facts from which one can infer that Microchip/Microsemi did not hire him because he was a member of a protected class. ECF 21 at 5. Further, the Court granted Defendant's motion to dismiss with respect to the harassment claim because Plaintiff failed to allege facts suggesting that "Plaintiff was subjected to any unwanted behavior by Microchip/Microsemi—let alone severe or pervasive harassment." *Id.* at 6. Additionally, the Court ordered Plaintiff to file with the Court the right-to-sue notice he filed with the DFEH. *Id.* at 6-7. The Court gave Plaintiff leave to amend to cure the deficiencies in his Complaint. *Id.* at 7. On December 16, 2019, Plaintiff filed a first amended complaint (ECF 22) along with the right-to-sue notice he filed with DFEH (ECF 22-1).

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"A pro se complaint must be liberally construed, since a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Entler*

*v. Gregoire*, 872 F.3d 1031, 1038 (9th Cir. 2017) (internal quotation marks and citation omitted).

### III. DISCUSSION

#### A. FEHA-Based Discrimination Claim

Defendant seeks dismissal of Plaintiff's discrimination claim because "[t]he [FAC] fails to allege any facts that might permit an inference that Defendant did not hire him because of an unlawful discriminatory motive." Mot. at 6. Defendant argues that Plaintiff's conclusory allegations that Defendant is "revolted" by people in Plaintiff's protected class (*i.e.*, his religion, national origin, ancestry, ethnic characteristics and disability, or a combination of all of the above) are insufficient to state a claim for discrimination. Mot. at 7; *see also* FAC ¶ 35. Plaintiff responds that Defendant is required to "bring forth any nondiscriminatory information" about Plaintiff that caused Defendant not to hire him. Opp'n ¶ 3. Plaintiff appears to allege that because Defendant had no information about Plaintiff other than what he provided—in his job application and his onsite interview—and because he is "clearly qualified" for the position he applied for, Defendant must have declined to hire him for discriminatory reasons. *See* FAC ¶ 32, 33. Specifically, Plaintiff alleges:

> [T]he set of possible reasons the Defendant has for denying me employment is (effectively) limited to the following: My first name (and thus my Arab ancestry by deduction), my last name (and thus my religion by deduction), my long beard (and thus my religiousness by deduction), my disability, and my qualifications.

FAC ¶ 32.

Plaintiff's conclusory allegations do not establish a plausible claim for discrimination. Under FEHA, in the absence of direct or circumstantial evidence of discriminatory intent, as here, Plaintiff must establish a disparate treatment discrimination case using the framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *see also Zeinali v. Raytheon Co.*, 636 F.3d 544, 552 (9th Cir. 2011) (applying *McDonnell Douglas* framework to FEHA claim). If Plaintiff establishes a *prima facie* case, the burden shifts to Defendant to articulate a legitimate, non-discriminatory reason for its action. *Id.* If Defendant articulates a legitimate, non-discriminatory reason, the burden shifts back to Plaintiff to demonstrate that the employer's stated reason was a pretext for unlawful discrimination. *Id.* In order to meet his pleading requirement, Plaintiff must

adequately allege facts supporting a prima facie showing of unlawful discrimination.

"[T]he precise requirements of a prima facie case can vary depending on the context and were 'never intended to be rigid, mechanized, or ritualistic.'" *Swierkiewicz v. Sorema N.A.*, 535 U.S. 506, 512 (2002) (citing *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978)). Generally, in order to establish a *prima facie* case of discrimination, Plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for the position(s) for which he applied; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside of his protected class were "treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Hawn v. Executive Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010) (citing *Peterson v. Hewlett–Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004)). Similarly, to state a claim for disability discrimination, plaintiff must allege that (1) he suffers from a qualifying disability; (2) was qualified for the job, *i.e.*, able to perform its essential functions with reasonable accommodation; and (3) was subjected to an adverse employment action (4) because of his disability. *Brundage v. Hahn*, 57 Cal. App. 4th 228, 236 (1997).

There is no dispute that Plaintiff has sufficiently pleaded that he is a member of more than one protected class based on his race, ethnic background, religion, and disability. There is also no dispute that Plaintiff experienced an adverse employment action – *i.e.*, he was denied a job. In the FAC, Plaintiff also alleges sufficient facts that, when taken as true, establish that he was qualified for one of the positions he applied for – *i.e.*, Senior Firmware Design Engineer Position (requisition number 5244). *See* FAC ¶¶ 23-24, 33. Thus, the only issue before the Court as to the discrimination claim, is whether Plaintiff properly alleges facts establishing a plausible claim for the fourth element: that similarly situated individuals outside of his protected class "were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *See Hawn*, 615 F.3d at 1156. For the reasons below, the Court holds that he does not.

Defendant argues that "[b]y not pleading facts that would support a reasonable inference that Defendant treated applicants outside his protected classes more favorably, the Complaint fails to allege a plausible unlawful discrimination claim." Mot. at 7. The Court agrees. Plaintiff has failed

to allege any facts whatsoever supporting a plausible inference "that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." *McDonnel Douglas Corp.*, 411 U.S. at 802 (establishing the elements for prima facie case of racial discrimination where plaintiff was denied employment). Courts routinely hold that a prima facie case of discrimination under FEHA fails where the employee plaintiffs fail to allege facts that similarly situated employees outside of plaintiffs' protected class were treated more favorably. *See Abdul-Haqq v. Kaiser Emergency in San Leandro*, No. 16-CV-05454-PJH, 2017 WL 1549480, at *3 (N.D. Cal. May 1, 2017) (granting motion to dismiss FEHA-based discrimination claim without leave to amend where plaintiff failed to plausibly allege "that African-American nurses were treated less favorably than similarly-situated nurses"); *Ali v. Intel Corp.*, No. 18-cv-03981-LHK, 2019 WL 1369926, at *4 (N.D. Cal. March 25, 2019) (granting motion to dismiss FEHA-based discrimination claim with prejudice where "the FAC *only* [made] conclusory allegations" of racial discrimination); *Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003) (affirming district court grant of summary judgment where plaintiff "failed to establish a prima facie case of discrimination because he could not provide evidence that similarly situated employees were treated more favorably that Leong was treated."). Here, Plaintiff does not allege that the positions he applied for remained open or that the employer continued to seek applications from persons of Plaintiff's qualifications. To the contrary, Plaintiff alleges that he "received responses that the positions [he] applied to have been cancelled." FAC ¶ 30.

Moreover, Plaintiff has failed to allege facts supporting a plausible claim that "other circumstances surrounding the adverse employment action that would give rise to an inference of discrimination." *Hawn*, 615 F.3d at 1156 (citing *Peterson*, 358 F.3d at 603). In other words, Plaintiff fails to allege facts supporting a claim that he was denied employment ***because of*** his religious creed, national origin, ancestry, and disability. *See Abdul-Haqq*, 2017 WL 1549480, at *8 ("[I]t is nowhere plausibly alleged that these actions were taken by defendants because of Abdul-Haqq's PTSD."). Plaintiff simply alleges that he is "clearly qualified" for the Senior Firmware Design Engineer position and that his "interview experiences were positive." FAC ¶ 33. From these facts, Plaintiff proceeds to conclude that that "all remaining reasons" for denying him a job

7

are "illegal." *Id.* ¶ 34. Plaintiff also alleges that Defendant is revolted by people of [his] religion, national origin, ancestry, ethnic characteristics and disability, and especially those with a combination of all of the above." *Id.* ¶ 35. Such conclusory allegations do not satisfy the pleading requirement. *Iqbal*, 556 U.S. at 678-79 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."); *see also Ali*, 2019 WL 1369926, at *4-5 (dismissing FEHA-based discrimination claims of a job applicant because the complaint made only conclusory allegations such as "[t]he Plaintiff is Pakistan [sic] and was not hired because of his ethic [sic] race," and "[d]efendant's perception of the Plaintiff's race as a Pakistan [sic] was negative and therefore, they refused to hire him"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged*.*" *Iqbal*, 566 U.S. at 678. Plaintiff's discrimination claim is not plausible because it is not supported by facts.

Accordingly, the Court concludes that the FAC fails to state a FEHA-based discrimination claim upon which relief may be granted.

### B. FEHA-Based Harassment Claim

Similarly, Plaintiff does not please a plausible harassment claim. The FEHA makes it unlawful for an employer to harass an employee for being a member of a protected group. Cal. Gov. Code § 12940(j). The elements for a harassment claim under FEHA are: "(1) the claimant belonged to a protected group; (2) the claimant was subjected to unwelcome harassment because of being a member of that group; and (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment." *Landucci v. State Farm Ins. Co.*, 65 F. Supp. 3d 694, 703 (N.D. Cal. 2014). To fulfill the "severe or pervasive" prong, a plaintiff must show a "concerted pattern of harassment of a repeated, routine, or generalized nature." *Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121, 133 (1999). FEHA "forbids only behavior so objectively offensive as to . . . create a hostile or abusive work environment." *Landucci*, 65 F. Supp. 3d at 704.

It is undisputed that Plaintiff belongs to at least one protected group. As for the remaining elements, Defendant argues that Plaintiff "has not alleged any facts that would allow the Court to

infer that he experienced unwelcome conduct or comments, based on one or more of his protected classes, and the comments or conduct was sufficiently pervasive or sever to constitute harassment under FEHA." Mot. at 8.

The Court finds that Plaintiff has failed to allege any facts to establish a plausible claim for harassment. In his opposition, Plaintiff maintains that Defendant harassed him "through repeatedly cancelling meetings and delaying them extensively." Opp'n ¶ 2. Defendant responds that Plaintiff's interactions with Defendant (the phone and onsite interview) do not amount to harassment under FEHA, especially since Plaintiff claims the interactions were "positive" experiences. Reply at 3 (citing Compl. ¶¶ 26-28), ECF 29. The Court agrees with Defendant. Plaintiff's only factual allegations with respect to the harassment claim are that Defendant cancelled positions for which he applied, and cancelled two interviews and delayed one by several hours. Opp'n ¶ 1; FAC ¶ 26-30. Plaintiff claims that the "repetitive intentional cancelling of scheduled appointments and positions constitutes a form of harassment and uncivilized ridicule." FAC ¶ 31. The cancellations of positions and interviews, although annoying and inconvenient, do not amount to harassment in violation of FEHA. In fact, Plaintiff characterizes his interviews with Defendant as "positive experiences" and concedes that "Defendant did not make any discriminatory comments to [him]" – which do not support a claim for harassment. *See* FAC ¶¶ 26, 28, Opp'n ¶ 1; *see also Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th 264, 283, 132 P.3d 211, 223 (2006) ("[A]nnoying or 'merely offensive' comments in the workplace are not actionable[.]"). Thus, Plaintiff fails to allege facts that establish he was subject to any form of harassment (let alone severe or pervasive harassment) because he is a member of a protected group.

Accordingly, the Court concludes that the FAC fails to state a FEHA harassment claim upon which relief may be granted.

### C. Leave to Amend

When a court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v.*

9

*Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

The Court finds that granting leave to amend would be futile and unduly prejudicial to Defendant. *Leadsinger, Inc.*, 512 F.3d at 532. In its November 1, 2019 Order, the Court dismissed Plaintiff's discrimination and harassment claims. ECF 21. In that Order, the Court warned that "failure to cure the deficiencies identified in this order will result in a dismissal of Plaintiff's claims with prejudice." *Id.* While Plaintiff cured some of the deficiencies noted by the Court (*e.g.*, requirements of the job he applied for), Plaintiff failed to cure other deficiencies as noted in this order. Because any amendment would be futile, and it would be unduly prejudicial to Defendant to litigate a third motion to dismiss regarding the same deficiencies, leave to amend is DENIED.

## IV. ORDER

For the foregoing reasons, Defendant's motion to dismiss at ECF 23 is GRANTED WITHOUT LEAVE TO AMEND.

**IT IS SO ORDERED.**

Dated: April 10, 2020

_____
BETH LABSON FREEMAN
United States District Judge