UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAZEN ARAKJI,<br><br>          Plaintiff,<br><br>     v.<br><br>MICROCHIP TECHNOLOGY, INC.,<br><br>          Defendant. | Case No. 19-cv-02936-BLF<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION; VACATING IN PART DISMISSAL ORDER AT ECF 31; VACATING JUDGMENT AT ECF 32**<br><br>[Re: ECF 33] |

*Pro se* Plaintiff Mazen Arakji brings this employment discrimination claim against Defendant Microchip Technology, Inc. On April 10, 2020, the Court granted Defendant's Motion to Dismiss Plaintiff's First Amended Complaint without leave to amend and entered judgment for Defendant. ECF 31 ("Dismissal Order"), ECF 32 ("Judgment"). On April 14, 2020, Plaintiff filed "Objections" to the Court's Dismissal Order. ECF 33. The Court construed Plaintiff's "Objections" as a Motion for Reconsideration under Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60 at ECF 33 ("Motion") and set a briefing schedule. ECF 36.

For the reasons state below, the Court GRANTS Plaintiff's Motion IN PART. The Court further VACATES IN PART the Dismissal Order and VACATES Judgment.

**I.    INTRODUCTION**

The history of this case is well known to the parties and the Court and is set forth at length in this Court's prior orders granting Defendant's motions to dismiss. *See* ECF 21, 31. The Court summarizes the relevant factual and procedural background as follows.

On April 14, 2017, Plaintiff applied for a Senior Firmware Design Engineer Position (requisition number 5244) (hereinafter, "Engineer Position 5244"). First Amended Complaint

("FAC") ¶ 23, ECF 22. Plaintiff alleges that he "exceeded" the requirements specified for that position. FAC ¶¶ 24-25. Plaintiff "was contacted by Srinivas Yelisetti, the hiring manager from Microsemi, in regards to [his] application and was asked to participate in a phone interview." *Id.* ¶ 26. After "a positive experience," Plaintiff was contacted by Donna Vespe, a Sr. Talent Acquisition Partner, and "was offered an invitation for an onsite interview[.]" *Id.* Upon arriving to the interview, Plaintiff was told that the interview had been cancelled but he nevertheless waited for several hours and proceeded with the interview. *Id.* ¶ 27. Plaintiff describes this interview as "another positive experience." *Id.* ¶ 28. Plaintiff was later informed that "the interview had been voided by HR" but "according to the Microsemi career website," Plaintiff "did not meet the requirements." *Id.*

On February 28, 2019, Plaintiff filed suit alleging unlawful discrimination and harassment under the Fair Employment and Housing Act, Cal. Gov't Code Section 12940 ("FEHA"). *See* Compl., ECF 1-1. On June 4, 2019, Defendant filed its first motion to dismiss. ECF 9. On November 1, 2019, the Court granted Defendant's motion to dismiss the Complaint with leave to amend. ECF 21. On December 16, 2019, Plaintiff filed the FAC and Defendant moved to dismiss. *See* ECF 22, ECF 23. On April 10, 2020, the Court granted Defendant's second motion to dismiss without leave to amend for failure to state a claim. *See* Dismissal Order. Specifically relevant to Plaintiff's present Motion, the Court found that "Plaintiff does not allege that the positions he applied for remained open or that the employer continued to seek applications from persons of Plaintiff's qualifications." *Id.* at 7. The Court also found that "Plaintiff fails to allege facts supporting a claim that he was denied employment ***because of*** his religious creed, national origin, ancestry, and disability." *Id.*

On April 14, 2020, Plaintiff filed his "Objections" to the Court's Dismissal Order. *See* Motion. The Court construed Plaintiff's "Objections" as a Motion for Reconsideration under Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60 and set a briefing schedule. ECF 36. Defendant filed a timely opposition. Defendant's Response to Plaintiff's Objection to Order Granting Motion to Dismiss ("Opp'n"), ECF 39. Plaintiff replied. Reply to Defendant's Response to Objection of Dismissal Order ("Reply"), ECF 41.

## II. DISCUSSSION

The crux of Plaintiff's Motion is that his factual allegations that (1) he was qualified for the Engineer Position 5244 and (2) Defendant's career website indicated that he did not meet the requirements for Engineer Position 5244 raise an inference that Engineer Position 5244 remained open and that Defendant continued to seek applications from persons of similar qualifications. *See* Motion ¶¶ 2-3; Reply ¶¶ 14, 16-18 ("It is self-evident that if the employer's response to an application was that the applicant was not qualified, then the employer continued to search for someone who was."). Importantly, this suggested inference was not obvious from the face of the FAC or mentioned in Plaintiff's opposition to Defendant's motion to dismiss. Thus, Plaintiff's Motion is based on an argument that he brings for the first time in his motion for reconsideration.

Defendant responds that "[w]hile Plaintiff wants the Court to focus on his allegation that Defendant's career website indicated he was not qualified for the Engineer 5244 Position, it does not follow from that allegation that he also alleged facts sufficient for the Court to infer Defendant continued to hold the position open and seek applicants with comparable qualifications." Opp'n at 2.

### A. Plaintiff's Motion under Rule 59(e)

Under Federal Rule of Civil Procedure 59(e), a party may file a motion to alter or amend a judgment within 28 days after the entry of that judgment. Fed. R. Civ. P. 59(e). A motion under Rule 59(e), however, should not be granted, "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (internal quotation and citation omitted). The Ninth Circuit has identified "four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

Plaintiff has failed to identify a basis for any of the Rule 59(e) grounds: there are no manifest

errors of law or fact upon which the judgment rests; no newly discovered or previously unavailable evidence; no manifest injustice; and no change in controlling law. Notably, "[a] motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Here, Plaintiff's Motion is based on an argument brought for the first time in a motion for reconsideration. Specifically, Plaintiff argues that because Defendant's response to Plaintiff's application was that he was not qualified for the Engineer Position 5244, it follows that Defendant continued to search for other applicants of similar qualification. *See* Motion ¶¶ 2-3; Reply ¶¶ 14, 16-18. Nowhere in the FAC or Plaintiff's opposition to Defendant's motion to dismiss did Plaintiff bring up the inference he now suggests is "self-evident." *See* Reply ¶ 18; *compare with* FAC and ECF 27. Accordingly, Plaintiff's Motion fails under Rule 59(e) because it raises a new argument that could have reasonably been raised earlier in the case.

### B. Plaintiff's Motion under Rule 60

Under Federal Rule of Civil Procedure 60(b), a court may relieve a party from a final judgment upon a showing of one of six reasons: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991); *see also* Fed. R. Civ. P. 60(b). Mere dissatisfaction with the Court's order, or belief that the Court is wrong in its decision, are not grounds for relief under Rule 60(b). *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F. 2d 1338, 1341 (9th Cir. 1981); *Beckway v. DeShong*, 2012 WL 1355744 *2 (N.D. Cal. 2012).

This is a close call. But based upon the aforementioned Rule 60(b) factors and the current record, the Court concludes that Plaintiff has shown relief is warranted for mistake or excusable neglect. *See* Fed. R. Civ. P. 60(b)(1). Specifically, Plaintiff failed to articulate – either on the face of the FAC or in his opposition to Defendant's motion to dismiss – his argument for the inference that Defendant continued search for applicants to fill the Engineer Position 5244 based on his factual

4

allegation that Defendant's career website indicated Plaintiff was unqualified. Because "[a] document filed *pro se* is to be liberally construed", the Court finds that the omission of this argument (or identification of the inference) was a mistake Plaintiff now seeks to remedy through this Motion. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

As for the substance of Plaintiff's argument, the Court finds that Plaintiff has alleged a fact (*i.e.*, Defendant's website indicated that he was not qualified for Engineer Position 5244) from which a reasonable (albeit, subtle) inference can be made that Defendant continued to search for other applicants. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

The Court thus construes – as it must – the allegations in the FAC "in the light most favorable" to Plaintiff and takes "the allegations and reasonable inferences as true." *See Walter v. Drayson*, 538 F.3d 1244, 1247 (9th Cir. 2008). The prima facie case of racial discrimination in hiring may be accomplished if Plaintiff shows that "(i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 at 802 (1973).

There is no dispute, for the purposes of surviving a motion to dismiss, that Plaintiff has sufficiently alleged that (1) he is a member of at least one protected class, (2) that he applied for Engineer Position 5244, and (3) that he was qualified for Engineer Position 5244 but was nonetheless rejected. *See* Dismissal Order at 6; *see also* FAC ¶¶ 1-5, 23-25, 28, Opp'n at 2 n. 4. As for the fourth factor, taking all allegations and reasonable inferences as true, Plaintiff has made a plausible claim that Engineer Position 5244 remained open because he alleges that Defendant –

1   through its career website – informed Plaintiff that he is not qualified for Engineer Position 5244.
2   A fact from which one may reasonably infer that Defendant continued to seek other applicants.

3   Defendant argues that Plaintiff's allegation that Defendant's career website indicated he did not meet the requirements for the Engineer Position 5244 "is not equivalent to alleging Defendant held the position open and continued to search for applicants, specifically since "Defendant informed Plaintiff (twice) that the Engineer 5244 Position was cancelled." Opp'n at 6 (citing FAC ¶¶ 28, 29). But a careful reading of the FAC shows that Plaintiff never alleges that Engineer Position 5244 was cancelled – only that his interview for that position was "voided by HR" and that he did not "meet the requirements" according to Defendant's career website. FAC ¶ 28. After his experience regarding Engineer Position 5244, however, Plaintiff alleges that he applied for *other positions* with Defendant and "received responses that the positions I applied to have been cancelled." FAC ¶ 30.

Accordingly, the Court finds that Plaintiff has alleged sufficient facts for a plausible claim of FEHA-based discrimination as to Engineer Position 5244.

**C.   Plaintiff's Discrimination Claims as to Positions Other Than Engineer Position 5244**

Defendant argues that "Plaintiff concedes he has not alleged sufficient facts to state a discriminatory failure to hire claim under FEHA for any position other than the Engineer 5244 Position for which he applied on April 14, 2017." Opp'n at 3. Plaintiff replies that with regard to other positions he applied to after his application for Engineer Position 5244, he "concedes nothing." Reply ¶ 2. Plaintiff argues that the focus of his Motion is on Engineer Position 5244 "because the plausibility of the Defendant's untruthfulness with regards to the positions [Defendant] claimed were cancelled can be more easily proven by first establishing the hiring discrimination [Plaintiff] experienced when [he] applied to the Senior Firmware Design Engineer Position #5244." Reply ¶ 2.

The Court agrees with Defendant. In the FAC, Plaintiff alleges that he "applied for several Firmware Engineer positions at Microsemi between January and April of 2017." FAC ¶ 20. Plaintiff further alleges that after his ultimately unsuccessful interview for Engineer Position 5244,

6

he applied "to other positions at Microsemi, but have only received responses that the positions [he] applied to have been cancelled." *Id.* ¶¶ 29-30. The FAC, however, only alleges the required qualifications for one position: Engineer Position 5244 that Plaintiff applied for on April 14, 2017. *Id.* ¶¶ 23-24. The FAC otherwise fails to identify the "other" positions with any particularity or specify the hiring criteria. Thus, Plaintiff has failed to allege facts sufficient to state a plausible claim as to any positions he applied for – other than Engineer Position 5244 – because he has failed to allege what the requirements for those positions were and whether Plaintiff met those requirements. When the Court granted Defendant's first motion to dismiss, Plaintiff was on notice that in his original complaint he failed to "identify the requirements for those Microchip/Microsemi 'Firmware Engineer' positions he applied for." ECF 21 at 5. Plaintiff had the opportunity to amend his complaint and add the job requirements – and he did so, but only as to one position: Engineer Position 5244. Thus, the FAC remains deficient as to Plaintiff's claims regarding positions other than Engineer Position 5244.

Accordingly, the Court DENIES Plaintiff's Motion as to his discrimination claim with respect to any positions other than Engineer Position 5244.

### D. Plaintiff's Harassment Claim

Plaintiff acknowledges that he has "no further input" as to his harassment claim. Reply ¶ 1. He notes that "[i]t is possible the Judge may have a change of opinion on this matter. *Id.* Plaintiff has not requested, and the Court has no occasion to reconsider its decision as to Plaintiff's harassment claim. Accordingly, the Court DENIES Plaintiff's Motion as to his harassment claim.

## III. ORDER

For the foregoing reasons, the Court GRANTS IN PART Plaintiff's motion for reconsideration at ECF 33. Further, the Court VACATES its Dismissal Order IN PART only as to Plaintiff's FEHA-based discrimination claim related to Engineer Position 5244 and VACATES Judgment. Defendant shall file an answer to Plaintiff's First Amended Complaint no later than 28 days from the date of this Order.

**IT IS SO ORDERED.**

Dated: May 12, 2020

_____
BETH LABSON FREEMAN
United States District Judge