UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAZEN ARAKJI,<br><br>        Plaintiff,<br><br>v.<br><br>MICROCHIP TECHNOLOGY, INC,<br><br>        Defendant. | Case No. 19-cv-02936-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERAION**<br><br>[Re: ECF 74] |

Plaintiff Mazen Arakji's has filed yet another "Objection" to one of the Court's orders. Plaintiff objects to this Court's Order Denying Plaintiff's Motion for Relief from Non-Dispositive Pretrial Order of Magistrate Judge Cousins (ECF 73). ECF 74. The Court construes Plaintiff's "Objection" as a motion for leave to file a motion for reconsideration ("Motion") pursuant to Civil Local Rule 7-9.

A motion for leave to file a motion for reconsideration may be filed prior to the entry of a final judgment in the case. Civ. L.R. 7-9(a). "The moving party must specifically show reasonable diligence in bringing the motion" and one of the following circumstances:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

Whether to grant leave to file under Rule 7-9 is committed to the Court's sound discretion.

*See Montebueno Mktg., Inc. v. Del Monte Corp.-USA*, 570 F. App'x 675, 676 (9th Cir. 2014). A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Plaintiff does not specify under which provision of Local Rule 7-9(b) he brings his motion. In his Motion, Plaintiff raises two arguments: (1) a "general linguistic semantics and their application to FRCP 26(a)(1)(A)(ii)" and (2) Plaintiff's interpretation of the 1993 advisory committee's notes on FRCP 26. Motion ¶¶ 1; 19. Neither one of Plaintiff's arguments identify a "new material facts or a change of law" or "a manifest failure by the Court to consider material facts or dispositive legal arguments." *See* Civ. L.R. 7-9(b).

This Court reviewed Plaintiff's motion for relief (ECF 72) and the magistrate judge's pretrial order (ECF 71), and found no "clear error" in the magistrate judge's factual determinations and did not find that the magistrate judge's legal conclusions are "contrary to law." ECF 73 (citing *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010)). None of Plaintiff's arguments about "linguistic semantics" change that determination.

Accordingly, Plaintiff's motion at ECF 74 is hereby DENIED. Plaintiff is reminded that motions for reconsideration are generally disfavored and are not the place for parties to make new arguments not raised in their original briefs. *Whalen v. Ford Motor Co.*, No. 13-CV-03072-EMC, 2018 WL 6069812, at *1 (N.D. Cal. Nov. 20, 2018). "Nor is reconsideration to be used to ask the Court to rethink what it has already thought." *Garcia v. City of Napa*, No. C-13-03886 EDL, 2014 WL 342085, at *1 (N.D. Cal. Jan. 28, 2014) (citing *United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998)). Thus, Plaintiff shall refrain from filing further "objections" to the Court's orders unless a motion for reconsideration is appropriate under Civil Local Rules or Federal Rules of Civil Procedure and is filed in accordance with those rules.

**IT IS SO ORDERED.**

Dated: August 24, 2020

_____
BETH LABSON FREEMAN
United States District Judge