UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAZEN ARAKJI,<br><br>              Plaintiff,<br><br>         v.<br><br>MICROCHIP TECHNOLOGY, INC.,<br><br>              Defendant. | Case No. 19-cv-02936 BLF (NC)<br><br>**ORDER ON THIRD DISCOVERY DISPUTE ABOUT DEFENDANT'S INITIAL DISCLOSURES**<br><br>Re: Dkt. No. 78 |

      In this employment discrimination case, plaintiff Mazen Arakji presents a third discovery dispute about defendant Microchip Technology's initial disclosures under Federal Rule of Civil Procedure 26(a)(1). The discovery dispute is set forth at Dkt. No. 78 in a filing presented by Mr. Arakji as "Joint" but not signed by Microchip. Discovery issues in this case are referred to me from the trial judge, District Court Judge Beth Labson Freeman. Dkt. No. 12. At Dkt. No. 71, I resolved two prior overlapping disputes about Microchip's initial disclosures. In that order, I directed Microchip by August 25 to produce a supplemental disclosure with information categorized from 860 zip files. Mr. Arakji sought review of that order by the trial judge. ECF 72. Judge Freeman denied review, ECF 73, and then denied two motions for reconsideration by Mr. Arakji. ECF 75, 78. Microchip filed its supplemental disclosures. ECF 82.

1   Before the Court now is a third challenge by Mr. Arakji to the initial disclosures.
2   ECF 78.  The threshold question posed by Judge Freeman is whether this is a further
3   request for reconsideration from Mr. Arakji, or a new argument.  ECF 80 (referring
4   determination to me).  On this issue, Mr. Arakji stated in his brief and at hearing today
5   September 2 that his argument was new and not asking for reconsideration.  ECF 78 at ¶ 1.
6   This Order finds that the arguments are new and therefore I will proceed to decide the
7   motion in accordance with Judge Freeman's referral.

8   Mr. Arakji's new argument is that Microchip's initial disclosures are deficient
9   because at the time of the initial disclosure the documents "were not obtainable as required
10  by law."  ECF 78 at ¶ 5.  Mr. Arakji points to one of the advisory committee notes for the
11  1993 amendments to Fed. R. Civ. P. 26 to support his position.  If "only the description is
12  provided [in a party's initial disclosures], the other parties are expected to obtain the
13  documents desired by proceeding under Rule 34 or through informal requests."  Mr.
14  Arakji, however, does not include the next sentence.  The disclosing party does not "waive
15  it right to object to production on the basis of privilege or work product protection, or to
16  assert that the documents are not sufficiently relevant to justify the burden or expense of
17  production."  Fed. R. Civ. P. 26, advisory committee note to 1993 amends.

18  Read together with Rule 26, what this advisory note means is that the parties should
19  use Rule 34 or informal requests to address the production of documents identified in the
20  initial disclosures.  Mr. Arakji has not cited to any legal authority for the proposition that
21  initial disclosures are deficient if the documents are not "obtainable" on the date of the
22  disclosure.  Rather, he should serve a document request on Microchip under Rule 34 to
23  seek the requested documents.  Microchip may then respond.

24  As a consequence, the Court denies Mr. Arakji's third motion about Microchip's
25  disclosures.

26  No costs or fees are awarded at this time.  Any party may move for review of this
27  nondispositive discovery order, but to do so must file objections within 14 days of being
28  served.  Fed. R. Civ. P. 72(a).

**IT IS SO ORDERED.**

Dated:  September 2, 2020

_____
NATHANAEL M. COUSINS
United States Magistrate Judge