**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MAZEN ARAKJI,<br><br>        Plaintiff,<br><br>    v.<br><br>MICROCHIP TECHNOLOGY, INC.,,<br><br>        Defendant. | Case No. 19-cv-02936-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Plaintiff Mazen Arakji's motion for summary judgment in this action arising from Defendant Microchip Technology, Inc.'s ("Microchip") failure to hire Arakji for a senior firmware engineer position. Mot., ECF 89. Arakji alleges that Microchip did not hire him because of his national origin, religion, and disability. *See generally* First Am. Compl. ("FAC"), ECF 22. No hearing was set for this motion, which constitutes Plaintiff's one motion for summary judgment that the Court allows per side in the life of the case. *See* Standing Order for Civil Cases § VI.A. Because there are disputed issues of material fact as to pretext, Arakji's motion is DENIED.

**I.      BACKGROUND**

Arakji is a 38-year-old male, who for "[M]uslim religious purposes," wears a long beard. FAC ¶ 1. Arakji also has a "very obvious musculoskeletal disability which limits [his] ability to grip and lift heavy objects." *Id*. Arakji's "national origin is Lebanese, which is an Arab country in the Middle East" and has "Arabic ancestry and ethnic characteristics." *Id*. Arakji's first name "Mazen" is "known to be an Arabic name" and his surname "Arakji" is "known to be a [M]uslim surname." *Id*.

Arakji holds a Bachelor of Science in Electrical and Computer Engineering and a Master of Science in Computer Engineering from the University of Colorado, Boulder. FAC ¶ 2. Arakji has

earned various certifications in his field. *Id*. ¶ 3-4. Arakji worked at Sun Microsystems (now Oracle), where he was promoted within 6 months and was accepted into the "selective Sun Engineering Enrichment & Development (SEED) program" on the technical tract—designed for individuals with a high potential to excel. *Id*. ¶ 5. He received a letter from a previous employer commending his performance and contributions. *Id*. Recently, Arakji developed three Android and two iOS applications. *Id*. Arakji also developed a "novel RTOS architecture for which he has a patent pending." *Id*.

Arakji applied for "several Firmware Engineer positions at Microsemi[1] between January and April of 2017." FAC ¶¶ 20, 21. On April 14, 2017, Arakji applied for the "Senior Firmware Design Engineer Position (requisition number 5244) . . . on the Microsemi careers website." *Id*. ¶ 23. The requirements for the position as stated in the online job posting on the Microsemi website are as follows:

- Bachelors with 5 years of experience or Master with 3 years' experience.
- Strong C-programming skills and product development experience.
- Strong background in Software methodology and full-cycle development (design, implementation, testing, and debugging).
- Must possess the ability to approach problems systematically.
- Must be able to interpret specification and standard documents well.
- Excellent written and oral communication skills.

*Id*. ¶ 24. Arakji claims that he not only meets and exceeds the requirements but that he has focused on "embedded systems and firmware" throughout both his academic and professional careers. *Id*. ¶¶ 25,33.

Arakji "was contacted by Srinivas Yelisetti, the hiring manager from Microsemi, in regards to [his] application and was asked to participate in a phone interview." FAC ¶ 26. After "a positive experience," Arakji was contacted by Donna Vespe, a Senior Talent Acquisition Partner, and "was offered an invitation for an onsite interview[.]" *Id*. Arakji describes this interview as "another

---

[1] Microsemi was later acquired by Microchip.

positive experience." *Id*. ¶ 28. Nonetheless, Arakji was rejected for the job by the Microsemi career website, which stated "Thank you for your interest in Senior Firmware Design Engineer – 5244. It has been determined that your background is not a match for the requirements set for in the position. We wish you the best in your career search." *Id*.; Yelisetti Decl., ECF 91 ¶ 30; ECF 89, Exh. A, Item 1.

Arakji claims that "the set of possible reasons the Defendant has for denying [him] employment is limited" to the information that he provided through the online job application and what Microchip learned about Arakji by meeting with him in person during the onsite interview, including: Arakji's first name (and thus his Arab ancestry by deduction), Arakji's last name (and thus his religion by deduction), Arakji's long beard (and thus his religiousness by deduction), Arakji's disability, and Arakji's qualifications. FAC ¶ 32.

Based on these experiences, Arakji claims that Microchip violated Cal. Gov't Code Section 12940 by denying him employment due to his religious creed, national origin, ancestry, or disability. FAC ¶ 37. Arakji alleges that Microchip "intentionally wanted to deny [him] an opportunity for employment despite the fact that [he is] qualified." *Id*. ¶ 35. According to Arakji, "Defendant discriminated because the Defendant is revolted by people of [his] religion, national origin, ancestry, ethnic characteristics and disability, and especially those with a combination of all of the above." *Id*.

## II.     LEGAL STANDARD

Summary judgment is not warranted if a material fact exists for trial. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). The underlying facts are viewed in the light most favorable to the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). "Summary judgment will not lie if ... the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact. *See Adickes v. S.H. Kress & Co*., 398 U.S. 144, 159 (1970).

Where the moving party will have the burden of proof on an issue at trial, the movant must

affirmatively demonstrate that no reasonable trier of fact could find other than for the movant. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). Where the non-moving party will have the burden of proof on an issue at trial, the movant may prevail by presenting evidence that negates an essential element of the non-moving party's claim or by merely pointing out that there is an absence of evidence to support an essential element of the non-moving party's claim. *See James River Ins. Co. v. Schenk, P.C.*, 523 F.3d 915, 923 (9th Cir. 2008); *Soremekun*, 509 F.3d at 984; *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1105–06 (9th Cir. 2000). If a moving party fails to carry its burden of production, then "the non-moving party has no obligation to produce anything, even if the non-moving party would have the ultimate burden of persuasion." *Nissan Fire*, 210 F.3d at 1102–03.

Once the moving party has met its initial burden, the burden shifts to the nonmoving party to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). To discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must have evidence showing that there is a genuine issue for trial. *See id.* at 324. In considering a motion for summary judgment, however, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Anderson*, 477 U.S. at 250-51.

**III.   DISCUSSION**

Arakji alleges discrimination on the basis of national origin, religion, and disability in violation of California's Fair Employment and Housing Act ("FEHA"). *See* First Am. Compl. ("FAC") ¶¶ 22-37. The same legal principles that guide a court in a Title VII dispute apply with equal force to Arakji's FEHA claim. *See Metoyer v. Chassman*, 504 F.3d 919, 941 (9th Cir. 2007). Thus, in analyzing Defendants' motion for summary judgment, the Court applies the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). At the first step of *McDonnell Douglas*, the plaintiff must establish a prima facie case of discrimination or retaliation. If the plaintiff makes out her prima facie case of either discrimination or retaliation, the burden then "shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its

1   allegedly discriminatory [or retaliatory] conduct." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 640 (9th Cir. 2003). Finally, at the third step of *McDonnell Douglas*, if the employer articulates a legitimate reason for its action, "the presumption of discrimination drops out of the picture, and the plaintiff may defeat summary judgment by satisfying the usual standard of proof required ... under Fed. R. Civ. P. 56(c)." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006) (citations and internal quotation marks omitted).

### 1. Evidentiary Dispute

To support his motion, Arakji proffers various documents, photographs and videos. *See* ECF 89-1. Arakji stored this evidence on a cloud hard drive and presented the Court with hyperlinks with which to access the information. Microchip objects to the evidence on multiple grounds. *See* Oppo., ECF 90 at 6-8. Because Arakji's motion fails to make headway even with the support of his uniquely formatted evidence, the Court assumes, without deciding, that Arakji's evidentiary offerings are admissible for the purposes of this motion. The Court stresses that it is not making an ultimate determination about the admissibility of Arakji's evidence. Microchip may re-raise its objections where appropriate.

### 2. Prima Facie

To establish a prima facie case of discrimination, the plaintiff must show that: (1) she belongs to a protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably. *See Chaung v. Univ. of Cal. Davis, Bd. of Trustees*, 225 F.3d 1115, 1123 (9th Cir. 2000). Under the *McDonnell Douglas* framework, "[t]he requisite degree of proof necessary to establish a prima facie case for Title VII ... on summary judgment is minimal and does not even need to rise to the level of a preponderance of the evidence." *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994) (citation omitted).

At the prima facie stage, the amount of evidence relating to competence that Arakji must produce is "very little." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004) (quotation omitted). Arakji has met this low bar. There is no dispute that Arakji has proffered evidence that he is a member of more than one protected class based on his national origin, religion

and disability. *See* ECF 89, Exh. A, Items 35-38. There is also no dispute that Arakji experienced an adverse employment action when he was denied a job by Microchip. *See* ECF 89, Exh. A, Item 1. And Arakji forwards evidence that illustrates he was qualified on paper for Senior Firmware Design Engineer Position (requisition number 5244). *See, e.g.,* ECF 89, Exh. A, Items 4.1 (transcript), 5 (diplomas), 6 (transcript), 7 (transcript), 8 (embedded systems engineering certificate), 11 (Coursera certifications), 13 (edX certification), 14 (Java certifications), 22-23 (employment offers), 27 (same). As for the fourth factor, there is evidence in the record that Microchip continued to seek other applicants for the position, ultimately hiring one in October 2017. *See* ECF 89, Exh. A, Item 1; Yelisetti Decl. ¶ 29 ("When this position was not filled after three months it closed automatically . . . I directed that the position be re-posted. It took us many months of effort but eventually we hired an engineer and filled the position in October 2017."); *see also* ECF 42 (order granting in part motion for reconsideration).

### 3. Legitimate, Non-Discriminatory Rationale

Once a prima facie case is established, the employer must "articulate" a legitimate reason for the employment decision that was made. *McDonnell Douglas*, 411 U.S. at 802. To "articulate" means to produce evidence. *See Rodriguez v. Gen. Motors Corp.*, 904 F.2d 531, 533 (9th Cir. 1990).

Microchip has adduced substantial evidence in support of its contention that Arakji was not hired because he lacked the technical skills, experience, or background required for Engineer Position 5244. The declarations and exhibits proffered by Microchip establish that the interviewers believed Arakji lacked sufficient skills or experience in C-programming, debugging, and embedded software. *See* Yelisetti Decl. ¶¶ 16, 21-22, 24-25; Miller Decl., ECF 92, Exh. A (email from Vespe stating that Arakji's "C-programming skills are not strong" and that he did not have "enough embedded debugging, troubleshooting experience"). None of the four Microchip employees who interviewed Arakji gave him a favorable hiring recommendation. Yelisetti Decl. ¶¶ 21-22, 24-25. Yelisetti reported that her adverse recommendation was predicated on Arakji's professional qualifications, not his national origin, religion, or disability. *See* Yelisetti Decl. ¶ 26. Yelisetti further reported that no interviewer referenced Arakji's national origin, religion, or disability in discussing his candidacy. There can be no doubt that Microchip has articulated, and supported with evidence,

its contention that Arakji was not offered employment on account of his national origin, religion and disability.

### 4. Pretext

Because Microchip has articulated a legitimate reason for its decision not to hire Arakji, Arakji must "offer specific and significantly probative evidence that the employer's alleged purpose [was] a pretext for discrimination." *Schuler v. Chronicle Broadcasting Co*., 793 F.2d 1010, 1011 (9th Cir. 1986). Arakji can prove pretext "(1) indirectly, by showing that the employer's proffered explanation is 'unworthy of credence' because it is internally inconsistent or otherwise not believable, or (2) directly, by showing that unlawful discrimination more likely motivated the employer*." Raad v. Fairbanks North Star Borough School Dist*., 323 F.3d 1185, 1194 (9th Cir. 2003) (quotation omitted). Microchip has submitted substantial evidence of non-discriminatory reasons for not hiring Arakji, *see* Section III.3, while Arakji has submitted modest evidence of pretext, *see* Mot. ¶¶ 8-57 (describing qualifications), 65-70 (explaining pretext). The Court declines to decide whether Arakji's evidence of pretext is sufficient to meet his ultimate burden, but rather concludes that, at this point in the litigation, there are disputed issues of material fact and Arakji bears the burden of proof on the issue of pretext.

## IV. ORDER

Because there are genuine issues of material fact as to whether Microchip's stated reason for Arakji's termination is pretextual, summary judgment is DENIED.

**IT IS SO ORDERED.**

Dated: November 19, 2020

_____
BETH LABSON FREEMAN
United States District Judge