1
2
3        **UNITED STATES DISTRICT COURT**
4        **NORTHERN DISTRICT OF CALIFORNIA**
5        **SAN JOSE DIVISION**
6
7    MAZEN ARAKJI,                               Case No.  19-cv-02936-BLF
8                      Plaintiff,
9          v.                                    **ORDER DENYING MOTION FOR**
                                                 **RELIEF FROM FINAL JUDGMENT**
10   MICROCHIP TECHNOLOGY, INC.,,
11                     Defendant.
12
13        Before the Court is Plaintiff Mazen Arakji's Motion for Relief from Final Judgment under

14   Federal Rule of Civil Procedure 60 in this hiring discrimination case.  *See* Motion, ECF No. 110.

15   Mr. Arakji seeks relief from the Court's judgment in favor of Defendant Microchip Technology,

16   Inc. ("Microchip") following the Court's order granting Microchip's summary judgment motion.

17   *See* ECF Nos. 108, 109.  Under Local Rule 7-1(b), the Court finds that Mr. Arakji's motion can be

18   resolved without oral argument.  Based on the below reasoning, the Court DENIES Mr. Arakji's

19   motion.

20        Under Federal Rule of Civil Procedure 60(b), a court may relieve a party from a final

21   judgment for one of the following reasons:  "(1) mistake, inadvertence, surprise, or excusable

22   neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been

23   discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called

24   intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is

25   void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment

26   that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any

27   other reason that justifies relief."  Fed. R. Civ. P. 60(b).

28        Microchip's summary judgment motion was directed to Mr. Arakji's sole remaining claim

United States District Court
Northern District of California

for discrimination under the Fair Employment and House Act ("FEHA").  *See* Summary Judgment Motion, ECF No. 100.   Under the *McDonnell Douglas* burden-shifting framework for discrimination claims, a plaintiff must first establish a prima facie case of discrimination.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  If the plaintiff succeeds, then the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the plaintiff's rejection.  *See id*.  If the defendant meets its burden, then the plaintiff must show that the defendant's stated reason for the plaintiff's rejection was in fact pretext for discrimination.  *See id.*

Mr. Arakji alleged that Microchip discriminated against him based on his religion, national origin, race, and disability by declining to hire him for a Senior Engineer position.  *See* First Amended Complaint, ECF No. 22; *see also* ECF No. 42.  In its summary judgment motion, Microchip argued that Mr. Arakji had not established a prima facie discrimination case because Microchip did not have actual knowledge of his religion, national origin, race, or disability, including because Mr. Arakji's interviewers at Microchip did not notice his alleged disability (an issue with his left hand).  *See* Summary Judgment Motion, ECF No. 100 at 13–17.  Further, Microchip argued that it had legitimate, nondiscriminatory reasons for declining to hire Mr. Arakji, including lack of relevant experience and gaps in his employment history.  *See id.* at 18–22.  In its order granting Microchip's summary judgment motion, the Court found that while there were disputes of material fact as to whether Mr. Arakji had established a prima facie case of discrimination, there were no disputes of fact that Microchip had articulated legitimate, nondiscriminatory reasons for Mr. Arakji's rejection.  *See* Order, ECF No. 108 at 12–13.  Further, the Court found that Mr. Arakji provided no evidence that Microchip's articulated reasons were pretextual.  *See id.* at 13–15.  Accordingly, the Court granted summary judgment in favor of Microchip.

In his motion for relief from the Court's final judgment, Mr. Arakji argues that "there is no way" his disability would have gone unnoticed to his interviewers at Microchip.  *See* Motion, ECF No. 110 ¶ 2.  Otherwise, Mr. Arakji provides rambling and incomprehensible briefing on "[c]orruption in government," which has no relevance to the present case.  *See id.* at 1–4.

The Court finds that Mr. Arakji has not met his burden for showing that he is entitled to

1    relief from the Court's judgment.  Mr. Arakji's only relevant argument is that his interviewers at

2    Microchip must have noticed his disability.  *See* Motion, ECF No. 110 ¶ 2.  Mr. Arakji's argument

3    is insufficient to meet his burden on a Rule 60 motion for two reasons.  First, Mr. Arakji's argument

4    does not fit into any of the categories of reasons that can justify relief from a final judgment under

5    Federal Rule of Civil Procedure 60(b).  Mr. Arakji already raised the argument that his interviewers

6    must have noticed his disability in his opposition to Microchip's summary judgment motion.  *See*

7    Opposition, ECF No. 103 ¶¶ 21–24.  Courts decline to grant Rule 60 motions based on previously

8    raised arguments.  *See Amer. Ironworks & Erectors, Inc. v. N. Amer. Const. Corp.*, 248 F.3d 892,

9    899 (9th Cir. 2001) (affirming denial of Rule 60(b) motion where movants "simply reargued their

10   case and offered no basis for withdrawal of the . . . order" at issue).

11          Second, Mr. Arakji's argument relates to his prima facie case for discrimination—which was

12   not the basis for the Court's summary judgment order.  As outlined above, the Court found that there

13   were disputes of material fact regarding whether Mr. Arakji had made a prima facie case for

14   discrimination.  *See* Order, ECF No. 108 at 10–12.  Accordingly, the Court's summary judgment

15   order was *not* based on Mr. Arakji's prima facie case.  Rather, the Court granted summary judgment

16   in favor of Microchip because it found that there were no disputes of material fact that Microchip

17   had articulated legitimate, nondiscriminatory reasons for declining to hire Mr. Arakji.  *See id.*

18   at 12–13.  Additionally, the Court found that Mr. Arakji provided no evidence to indicate that

19   Microchip's articulated reasons were pretextual.  *See id.* at 13–15.  Mr. Arakji fails to provide

20   arguments or evidence challenging the Court's findings regarding Microchip's legitimate,

21   nondiscriminatory reasons for declining to hire Mr. Arakji.  Accordingly, even if the Court were to

22   agree with Mr. Arakji—that "there is no way" his disability would have gone unnoticed during his

23   interviews with Microchip—this would not change the ruling of its summary judgment order.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

*United States District Court*
*Northern District of California*

Based on the above reasoning, the Court DENIES Mr. Arakji's Motion for Relief from Final Judgment.

**IT IS SO ORDERED.**

Dated:  May 9, 2022

_____
BETH LABSON FREEMAN
United States District Judge