UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAZEN ARAKJI,<br><br>  Plaintiff,<br><br>  v.<br><br>MICROCHIP TECHNOLOGY, INC.,,<br><br>  Defendant. | Case No. 19-cv-02936-BLF<br><br>**ORDER DENYING PLAINTIFF MAZEN ARAKJI'S SECOND MOTION FOR RELIEF FROM FINAL JUDGMENT**<br><br>[Re: ECF No. 112] |

Before the Court is Plaintiff Mazen Arakji's Second Motion for Relief from Final Judgment under Federal Rule of Civil Procedure 60 in this hiring discrimination case. *See* Motion, ECF No. 112. Mr. Arakji seeks relief from the Court's judgment in favor of Defendant Microchip Technology, Inc. ("Microchip") following the Court's order granting Microchip's summary judgment motion. *See* ECF Nos. 108, 109. Mr. Arakji further seeks relief from the Court's order denying his First Motion for Relief from Final Judgment. *See* ECF No. 111. Under Local Rule 7-1(b), the Court finds that Mr. Arakji's motion can be resolved without oral argument. Based on the below reasoning, the Court DENIES Mr. Arakji's motion.

Under Federal Rule of Civil Procedure 60(b), a court may relieve a party from a final judgment for one of the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Microchip's summary judgment motion was directed to Mr. Arakji's sole remaining claim for discrimination under the Fair Employment and House Act ("FEHA"). *See* Summary Judgment Motion, ECF No. 100. Under the *McDonnell Douglas* burden-shifting framework for discrimination claims, a plaintiff must first establish a prima facie case of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the plaintiff succeeds, then the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the plaintiff's rejection. *See id*. If the defendant meets its burden, then the plaintiff must show that the defendant's stated reason for the plaintiff's rejection was in fact pretext for discrimination. *See id.*

Mr. Arakji alleged that Microchip discriminated against him based on his religion, national origin, race, and disability by declining to hire him for a Senior Engineer position. *See* First Amended Complaint, ECF No. 22; *see also* ECF No. 42. In its summary judgment motion, Microchip argued that Mr. Arakji had not established a prima facie discrimination case because Microchip did not have actual knowledge of his religion, national origin, race, or disability, including because Mr. Arakji's interviewers at Microchip did not notice his alleged disability (an issue with his left hand). *See* Summary Judgment Motion, ECF No. 100 at 13–17. Further, Microchip argued that it had legitimate, nondiscriminatory reasons for declining to hire Mr. Arakji, including lack of relevant experience and gaps in his employment history. *See id.* at 18–22.

In its order granting Microchip's summary judgment motion, the Court found that while there were disputes of material fact as to whether Mr. Arakji had established a prima facie case of discrimination, there were no disputes of fact that Microchip had articulated legitimate, nondiscriminatory reasons for Mr. Arakji's rejection. *See* Order, ECF No. 108 at 12–13. Further, the Court found that Mr. Arakji provided no evidence that Microchip's articulated reasons were pretextual. *See id.* at 13–15. Accordingly, the Court granted summary judgment in favor of Microchip.

In his First Motion for Relief from Final Judgment ("First Motion"), Mr. Arakji argued that "there is no way" his disability would have gone unnoticed to his interviewers at Microchip. *See* ECF No. 110 ¶ 2. The Court denied Mr. Arakji's First Motion on two grounds. *See* Order, ECF No. 111 at 3. First, the Court found that Mr. Arakji had already argued in summary judgment

1  briefing that his interviewers at Microchip would have noticed his disability. *See id.* Accordingly, the Court found that this was not a valid basis for a Rule 60 motion. *See id.*; *Amer. Ironworks & Erectors, Inc. v. N. Amer. Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001) (affirming denial of Rule 60(b) motion where movants "simply reargued their case and offered no basis for withdrawal of the . . . order" at issue). Second, the Court found that Mr. Arakji's Rule 60 motion related to his prima facie case for discrimination, which was not the basis for the Court's summary judgment order. *See* Order, ECF No. 111 at 3. Rather, the Court found that there were material disputes of fact regarding Mr. Arakji's prima facie case. *See id.* But Microchip had met its burden for articulating legitimate, nondiscriminatory reasons for Mr. Arakji's rejection, and Mr. Arakji had provided no evidence that Microchip's articulated reasons were pretextual. *See id.* Accordingly, even if Mr. Arakji had raised a valid basis for a Rule 60 motion, the Court found that Mr. Arakji's argument would not change the ruling of the Court's summary judgment order. *See id.*

In his Second Motion for Relief from Final Judgment ("Second Motion"), Mr. Arakji argues that the Court's summary judgment order was based on a mistake. *See* Second Motion, ECF No. 112. Mr. Arakji argues that Microchip's argument in its summary judgment motion that there were legitimate, nondiscriminatory reasons for Microchip's rejection of Mr. Arakji was based on a "totally unbelievable" premise. *See id.* ¶ 13. Specifically, Mr. Arakji argues that one of the premises of Microchip's legitimate, nondiscriminatory reasons was "I remember interviewing Mr. Arakji and I remember he did not have a disability." *See id.* ¶ 7. Since this premise is "unbelievable," "defendant has not made an acceptable argument" and the Court's summary judgment ruling "gloss[ed] over the flagrant fact that the interviewers are being untruthful." *See id.* ¶¶ 13–14.

The Court disagrees with Mr. Arakji. The Court's finding that Microchip articulated legitimate, nondiscriminatory reasons under the *McDonnell Douglas* burden-shifting framework was not based on the "premise" that Mr. Arakji's interviewers did not notice that he had a disability. Rather, as the Court found in its summary judgment order, Microchip provided "substantial evidence of the legitimate, nondiscriminatory reasons it had for declining to hire Mr. Arakji, including gaps in his employment history; lack of directly relevant experience, including with programming

3

1  languages required for the Senior Engineer Position; lack of experience with specific debugging
2  tools like JTAG; and failure to complete the programming tasks presented to him during his in-
3  person interviews." *See* Summary Judgment Order, ECF No. 108 at 13.  None of the evidence cited
4  by the Court pertained to whether Mr. Arakji's interviewers noticed his disability.  As the Court
5  outlined in its order denying Mr. Arakji's First Motion for Relief from Final Judgment, the question
6  of whether Mr. Arakji's interviewers noticed his disability pertained to Mr. Arakji's prima facie
7  discrimination case—not Microchip's nondiscriminatory reasons for rejecting Mr. Arakji.  *See*
8  Order, ECF No. 111 at 3.  Accordingly, the Court finds that Mr. Arakji has not identified a "mistake"
9  to justify relief from final judgment under Rule 60.  Further, Mr. Arakji's contention that the Court's
10 summary judgment order ignores that his interviewers "are being untruthful" misses the mark.  *See*
11 *id.* ¶ 14.  In judging evidence at the summary judgment stage, the Court "does not assess
12 credibility[.]"  *See House v. Bell*, 547 U.S. 518, 559–60 (2006).

13  Based on the above reasoning, the Court DENIES Mr. Arakji's Second Motion for Relief
14 from Final Judgment.

15 **IT IS SO ORDERED.**

17 Dated: June 14, 2022

_____
BETH LABSON FREEMAN
United States District Judge

4